IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VIRGIL SMITH, and ADAM SMITH, through his legal guardian VIRGIL SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:13-cv-1323-DRH-DGW |
| v. | ) ) | |
| PHOENIX SEATING SYSTEMS, LLC, | ) ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

A status hearing was held in this matter before the undersigned on May 20, 2014. Attorneys for Plaintiffs have withdrawn as counsel. Accordingly, Plaintiff Virgil Smith notified the Court that he is attempting to obtain new counsel for representation in this matter. Plaintiff Virgil Smith has until June 13, 2014 to obtain new counsel, after which he must proceed in this matter pro se. Plaintiff Virgil Smith was provided with a pro se litigants handbook.

Although Plaintiff Virgil Smith may proceed pro se in this matter, Plaintiff Adam Smith must obtain new counsel by June 13, 2014. Plaintiff Adam Smith's claim has been brought through his legal guardian and father, Virgil Smith. The withdrawal of Plaintiffs' counsel in this matter has, in effect, resulted in Virgil Smith representing Adam Smith pro se. Illinois statute proscribes one not authorized to practice law from representing another in a court of law. 705 ILCS 205/1. Illinois takes the view that allowing pro se litigants to represent minors "undermines the full protection of the minors' legal rights." *Blue v. People*, 585 N.E.2d 625, 626 (Ill. App. Ct. 1992). As such, an individual who is not authorized to practice law may litigate claims on his own behalf, but may not represent a minor in a court of record. *Id.* In this matter, as Plaintiff

Virgil Smith is not authorized to practice law and is merely the legal guardian of his son Adam Smith, Plaintiff Virgil Smith may not represent Adam Smith in this matter pro se.

The presumptive trial month for this matter is July, 2015.  The following scheduling and discovery plans were agreed to as follows:

1. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 shall be served on opposing parties by **June 13, 2014**.

2. Plaintiff's deposition shall be taken by **October 1, 2014**.

3. Defendant's deposition shall be taken by **October 1, 2014**.

4. Motions to amend the pleadings, including the commencement of a third party action, shall be filed by **October 1, 2014**.

5. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

    a. Plaintiff's expert(s): **October 1, 2014**

    b. Defendant's expert(s): **December 1, 2014**

    c. Third Party expert(s): **February 1, 2015**

6. Depositions of expert witnesses must be taken by:

    a. Plaintiff's expert(s): **November 1, 2014**

    b. Defendant's expert(s): **January 1, 2015**

    c. Third Party expert(s): **March 1, 2015**

7. Discovery shall be completed by **March 1, 2015**

8. All dispositive motions shall be filed by **March 15, 2015**

9. A settlement conference is set before Magistrate Judge Donald G. Wilkerson in

accordance with SDIL-LR 16.3(b) on **March 9, 2015** at **9:00 am** in the East St. Louis Federal Courthouse.

**IT IS SO ORDERED.**

**DATED: May 28, 2014**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**