IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VIRGIL SMITH and
ADAM SMITH,

Plaintiffs,

vs.

PHOENIX SEATING SYSTEMS, LLC,

Defendant.                                          No. 13-cv-1323-DRH-DGW

## MEMORANDUM AND ORDER

Before the Court is defendant's motions to dismiss plaintiff Adam Smith's complaint (Doc. 31). Defendant Phoenix Seating Systems, LLC moves for dismissal of Adam Smith's case on the grounds that plaintiff failed to obtain counsel as ordered by the Court. Plaintiff Virgil Smith failed to file a timely response, but instead filed motions requesting hearings on the motion (Doc. 32, 37). For the following reasons, defendant's motion to dismiss (Doc. 31) is **GRANTED**.

### I.   Background

Virgil Smith initiated this lawsuit through his attorney, Keefe & Keefe Law Firm, on behalf of himself and his son, Adam, in 2009. The lawsuit was later voluntarily dismissed without prejudice in 2012 and refiled in December of 2013 (Doc 2). Thereafter, Keefe & Keefe Law Firm was granted leave to withdraw as counsel for plaintiffs on April 28, 2014 (Doc 11). Mr. Keefe Smith notified Smith of the impending withdrawal on November 30, 2013, prior to refiling this case

(Doc. 11-2). During the status conference before Magistrate Judge Wilkerson on May 20, 2014, Smith was instructed to obtain counsel on or before June 13, 2014, or he should proceed pro se. If he chose to continue pro se, he was notified that he could not represent Adam Smith because one pro se litigant is prohibited from representing another (Doc. 23).

The Court granted various extensions to the June 13th deadline and plaintiff was ultimately granted until August 18, 2014, to obtain counsel (Doc. 29). Smith failed to obtain counsel for himself or Adam, even after being given ample time to do so.

## II. Analysis

Defendant moves for dismissal of Adam Smith's claims based on his lack of legal representation in this matter. In response to the motion, plaintiff Virgil Smith's only retort was to criticize this Court for offering him three weeks to find a lawyer (Doc. 37). Smith failed to mention his knowledge of his attorney's withdrawal six months prior to the Court's order granting it (Doc. 11-2).

Smith was directed to obtain counsel to formally represent himself and his son no later than June 13, 2014, or he would proceed pro se. (Doc. 23). He was advised of the unlawfulness in attempting to represent his son as a pro se litigant and was provided with a pro se litigants handbook (Doc. 23). Mr. Smith failed to comply with the Court's order, despite multiple extensions to the deadline. As a result, Virgil Smith acts as a pro se plaintiff in this matter, and his son remains without counsel.

As a pro se litigant, Smith is prohibited from representing his son in this case. *See Nocula v. Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)("one pro se litigant cannot represent another"); *Navin v. Park Ridge Sch. Dist. 64,* 270 F.3d 1147, 1148 (7th Cir.2001) ("[Father] was free to represent himself, but as a non-lawyer, he has no authority to appear as [son's] representative"). The Court made clear that Adam Smith would require legal representation, irrespective of his father's pro se status, during the May 20, 2014 status conference and in the order that followed (Doc. 23). In the Court's October 30, 2014 order, plaintiff was reminded of that fact, but persisted with his son's unauthorized legal representation (Doc. 39).

Therefore, the Court **ORDERS** Mr. Smith to cease and desist from the illegal and unauthorized practice of law with regard to his son's claims. The Court finds that it has given Mr. Smith adequate time to find an attorney to represent his son and to choose to proceed pro se with the prosecution of his own case. Due to Adam Smith's lack of legal representation, his case is **DISMISSED**.

Subsequently ignoring the Court's directions and deadlines, Virgil Smith continued to file motions on behalf of his son but failed to timely respond to discovery requests. *See* Doc. 37; Doc 38 ("Now comes the plaintiff's…Adam W. Smith, through his legal court appointed guardian, Virgil L. Smith, acting Pro Se in the above action."). During the course of discovery, Smith failed to respond to defendant's interrogatories and request for production served on June 9, 2014. Smith had 30 days to respond to the interrogatories, which were due July 9,

2014. The Court denied Smith's September 12, 2014, motion for extension of time to file interrogatories and request for production, yet the discovery request remains unanswered as of October 20, 2014 (Doc. 43). Therefore, the Court **DIRECTS** plaintiff Virgil Smith to proceed pro see and provide responses to discovery previously served on June 9, 2014.

### III. Conclusion

Therefore, defendant's motion is **GRANTED** (Doc. 31). The Court **DISMISSES with prejudice** plaintiff Adam Smith's cause of action against defendant Phoenix Seating Systems, LLC. Moreover, the Court **DIRECTS** plaintiff Virgil Smith to proceed pro see and to provide responses to discovery previously served on June 9, 2014. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the conclusion of the case.

**IT IS SO ORDERED**.

Signed this 24th day of November, 2014.

Digitally signed by David R. Herndon
Date: 2014.11.24 15:02:45 -06'00'

District Judge
United States District Court